Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

_____Macon_____ Division

| | |
|---|---|
| Estate of Dorothy Jean Morton ) <br> ) <br> ) <br> ) <br> *Plaintiff(s)* ) <br> *(Write the full name of each plaintiff who is filing this complaint.* ) <br> *If the names of all the plaintiffs cannot fit in the space above,* ) <br> *please write "see attached" in the space and attach an additional* ) <br> *page with the full list of names.)* ) <br> -v- ) <br> ) <br> Corteva, Inc. ) <br> ) <br> ) <br> ) <br> *Defendant(s)* ) <br> *(Write the full name of each defendant who is being sued. If the* ) <br> *names of all the defendants cannot fit in the space above, please* ) <br> *write "see attached" in the space and attach an additional page* ) <br> *with the full list of names.)* ) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ✓ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Estate of Dorothy Jean Morton, by Administrator |
| Street Address | 4501 Russell Parkway Suite 26 |
| City and County | Warner Robins, Houston |
| State and Zip Code | Georgia 31088 |
| Telephone Number | (478) 953-3661 |
| E-mail Address | msmith158@juno.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name: Corteva Inc.
    Job or Title (if known): Plan Administrator 401K
    Street Address: 974 Centre Road, Building 735
    City and County: Wilmington, New Castle County
    State and Zip Code: Delaware 19805
    Telephone Number:
    E-mail Address (if known):

Defendant No. 2
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question            ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* Estate of Dorthy Jean Morton by Administrator, is a citizen of the State of *(name)* Georgia.

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.     If the defendant is a corporation

        The defendant, *(name)* Corteva Inc., is incorporated under the laws of the State of *(name)* Delaware, and has its principal place of business in the State of *(name)* Delaware.

        Or is incorporated under the laws of *(foreign nation)* Delaware, and has its principal place of business in *(name)* Delaware.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

    $1,063,054.49, the amount of 401K plan seeking disbursement.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

After exhausting all administrative remedies with Corteva, Inc., formerly Dupont, Corteva refuses to release the funds to the Dorothy Jean Morton Revocable Trust of August 16, 2000 as contemplated by Dorothy Jean Morton, or in the alternative to the Estate of Dorothy Jean Morton. The beneficiary form is lost and stale, and was never updated when Merrill Lynch took over as third party administrator of the 401k. Merrill Lynch has no beneficiary designation for Dorothy Jean Morton. Corteva, Inc. never notified Dorothy Jean Morton to update any designation with the new provider. Dorothy Jean Morton died December 28, 2021 and to date Corteva, Inc. refuses to release the funds. All administrative remedies have been exhausted.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

All funds, currently $1,063,054.49 transferred to the Court registry until the Court determines who is entitled to the disbursement, and then disburse the same. All other damages, legal, equitable or punitive as allowed by law.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/27/2025

Signature of Plaintiff: *Bonnie Michelle Smith*

Printed Name of Plaintiff: Bonnie Michelle Smith, Administrator of the Estate of Dorothy Jean

### B. For Attorneys

Date of signing: 01/27/2025

Signature of Attorney: *Bonnie Michelle Smith*
Printed Name of Attorney: Bonnie Michelle Smith
Bar Number: 654848
Name of Law Firm: Michelle Smith Attorney at Law
Street Address: P.O. Box 8633
State and Zip Code: Warner Robins, GA 31095
Telephone Number: (478) 953-3661
E-mail Address: msmith158@juno.com

## STATEMENT OF CLAIM

(continued from page 4 in Section III)

Plaintiff, Estate of Dorothy Jean Morton, is a participant in the Corteva Pension and Retirement Plan, formerly the U.S. DuPont Pension and Retirement Plan (the "Plan"). Her Estate is probated in Peach County, Georgia. Plaintiff also had a revocable trust, Revocable Trust of Dorothy Jean Morton, that she created on or about August 16, 2000, that she intended for ½ of the trust to be a charitable remainder trust, funded by the 401k of Dupont, with the other half of the trust designated to her relatives.

Plaintiff Dorothy Jean Morton created the trust for the purpose of distributing the 401k assets.

Plaintiff, by and through her estate, Dorothy Jean Morton died on December 28, 2021.

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA") and Declaratory and Injunctive Relief under the Retirement Savings Plan.

The plan allows for the Court to determine who is beneficiary of the plan upon death if there is an impasse between the Plan and the Participant.

The Plan was created in 1904 and is one of the oldest retirement Plans in the United States. On December 11, 2015, the 217-year-old E.I. DuPont de Nemours and Company announced its intent to merge with Dow Chemical Company. The merger of Dow and DuPont closed on August 31, 2017, creating the combined entity DowDuPont. The merger was designed to combine the two entities and then spin-off into three separate public companies: Corteva, Inc., focusing on agricultural chemicals, a new Dow, Inc., focusing on materials science, and a new DuPont de Nemours, Inc., focusing on specialty product industries, the industry in which the Plaintiff worked.

Defendant is Corteva Inc., a spin-off company with the Retirement Savings Plan.

The Plan is a safe-harbor 401(k) defined contribution plan.

The Plan Administrator is Benefit Plans Administrative Committee Corteva Inc., 974 Centre Road, Building 735, Wilmington Delaware 19805.

The Plan Administrator Trustees are Merrill Trust Company FSB, 1400 Merrill Drive, MSC 943N, Pennington, NJ 08534 and The Northern Trust Company, 333 South Wabash, Chicago, IL 60604.

After the corporate spin-off and related transactions, Plaintiff was never informed of the new forms needed to be signed with Merrill Lynch and Merrill Trust Company to update her beneficiary designation.

Dorothy Jean Morton never filed any updated forms with Merrill Lynch.

To date there are no current designation of beneficiary forms with Merrill Lynch who is the Plan Administrator Trustee and holder of the 401k assets that total over $1,063,054,49.

Merrill Lynch has no notations of beneficiaries on file as the Plan Trustee and Third Party Administrator.   No beneficiary forms exist and Merrill Lynch and Corteva had a duty to make sure all such forms were updated or defaulted to the Estate.

Dupont, Corteva, Merrill Lynch and Bank of America have all fraudulently defrauded Dorothy Jean Morton and her Estate.

Plaintiff demanded repeatedly to see all forms and be allowed to inspect all original beneficiary forms.   At no time has there been any forms produced by Merrill Lynch.

Plaintiff has demanded that all disbursements from Merrill Lynch be stopped each month.  Those requests were repeatedly denied by Merrill Lynch, Trustees of the plan for Corteva.

Bank of America through Merrill Lynch, advised and governed by Corteva Inc. disbursed out $33,944.08 of Plaintiff's 401k funds in monthly checks that have not been cashed, having sent those checks to an address that is not current.   To date, Corteva Inc. has lost $33.944.08 of Plaintiff's funds in 2023 alone, with similar erroneous and fraudulent disbursements of approximately $33,994.08 in 2022.   For a total of approximately $67,888.16 in checks of Plaintiff's 401k checks being sent to a vacant address in Delaware.

Plaintiff, by and through her Estate timely notified Corteva Inc. and Merrill Lynch of the death of Dorothy Jean Morton, and to stop sending paper checks after her direct deposit account was closed to wrap up her Estate.  Corteva Inc. refused to notify Merrill Lynch to stop making disbursements.

Merrill Lynch could not or would not stop the disbursements unless Corteva Inc. as Retirement Savings Plan and Plan Administrator notified the third party holder, Merrill Lynch to stop the disbursements.

Plaintiff seeks the 401K Plan Funds of  $1,063,054.49, or the current amount in the 401K,  to be placed in the Court Registry pending a ruling by the Court of who is entitled to the 401k funds.

Plaintiff seeks declaratory, permanent injunctive and other appropriate equitable and remedial plan-wide relief as allowed by law.

IN THE PROBATE COURT OF ____PEACH____ COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF )
)
DOROTHY JEAN MORTON ) ESTATE NO. 2022-ADM-6570
DECEASED )

## LETTERS OF ADMINISTRATION
*[Bond waived and/or certain powers granted]*

At a regular term of probate court, this Court granted an order allowing

BONNIE MICHELLE SMITH to qualify as administrator(s) of the above-named decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this county at the time of his or her death, and that upon so doing, letters of administration be issued to such personal representative(s).

THEREFORE, the said administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise all powers of personal representative(s), according to Georgia law. In addition this Court:

*[Initial all that apply]*

_KW_ (a) **POWERS GRANTED**: Grants to the administrator(s) all of the powers contained in O.C.G.A. § 53-12-261, except the administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A. § 53-8-14 (a).

_KW_ (b) **REPORTS WAIVED**: Grants to the administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

_KW_ (c) **BOND WAIVED**: Waives the specific requirement to post bond.

_KW_ (d) **STATEMENTS WAIVED**: Grants to the administrator(s) the specific power to serve without furnishing to the heirs statements of receipts and disbursements.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as judge of the probate court of said county and the seal of this __17__ day of __May__, 20__22__.

_____
Judge of the Probate Court

*The following must be signed if the judge does not sign the original of this document:*

Issued by:

*[Seal]*
GEORGIA, PEACH COUNTY
PROBATE COURT
I hereby certify the above and foregoing Letters of Authority to be a true copy of record on file in this office. I further certify said Letters of Authority to be in full force and effect.
Witness my official Signature this ___ day of
_____
_____
Judge/Clerk, Probate Court
Peach County, GA

_____
Clerk of the Probate Court

GPCSF 3                    [12]                    Eff. July 2021