IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BONNIE MICHELLE SMITH,** *Administrator of the Estate of Dorothy Jean Morton***,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CORTEVA, INC.,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:25-cv-00030-TES** |

### ORDER GRANTING DEFENDANT'S
### MOTION TO DISMISS

On January 27, 2025, Plaintiff Bonnie Michelle Smith filed this action acting as the Administrator of the Estate of Dorothy Jean Morton. [Doc. 1]. Following service, Defendant Corteva, Inc. filed a Motion to Dismiss [Doc. 6], which the Court denied following Plaintiff's filing of an Amended Complaint [Doc. 7]. *See* [Doc. 9]. This is Corteva's renewed Motion to Dismiss [Doc. 17].

### BACKGROUND

Plaintiff's Amended Complaint alleges that Morton created a revocable trust—funded by her 401(k)—that she intended to use for two purposes: one-half would be a charitable remainder trust, and the remaining half of the trust would be left to her sibling. [Doc. 7, ¶¶ 2–3]. Morton also executed "a beneficiary form with DuPont on or about August 22, 2000, four days after she executed her trust." [*Id.* at ¶ 4]. That form

identified four beneficiaries: United Way of Delaware, Inc., the Salvation Army, CARE, and Peninsula-Delaware Conference of the United Methodist Church. [Doc. 17-2, p. 3].[1]

Fast forward to January 27, 2025: Plaintiff filed this action on behalf of Morton's Estate claiming that the beneficiary form is invalid because the form existed only as to Morton's plan with DuPont, not with her plan with Corteva. [Doc. 7, ¶ 38]. Therefore, based on Plaintiff's theory, since the Corteva Plan did not have a valid beneficiary form, Morton's Estate became the proper beneficiary—not the four charities listed on Morton's DuPont designation form. [*Id.* at ¶¶ 55-58]. Accordingly, Plaintiff alleges that Corteva should disperse the funds to Morton's Estate and not to the named beneficiaries.

## **LEGAL STANDARD**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in

---

[1] Plaintiff's Response [Doc. 24] to Corteva's Motion argues that the Court may not consider the beneficiary-designation form because it is inadmissible hearsay. [Doc. 24, p. 1]. In contrast, Corteva argues the Court may rely on the document because Plaintiff refers to the document in her Amended Complaint, and the document is "both (1) central to the plaintiff's claim and (2) undisputed." [Doc. 17-1, p. 3 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002))].

At face value, Plaintiff's Response seems to dispute the form's authenticity. [Doc. 24, p. 1 ("Here, the lack of standing is based on an alleged copy of an alleged beneficiary form that is inadmissible hearsay."); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). But, upon deeper analysis, Plaintiff's Amended Complaint admits that Morton executed the form. *See* [Doc. 7, ¶ 4 ("Dorothy Jean Morton executed a beneficiary form with DuPont on or about August 22, 2000, four days after she executed her trust.")]; [*id*. at ¶ 16 ("The beneficiary form Dorothy Jean Morton signed was not with Corteva.")]. And, documents referenced in the Complaint are typically reviewable at the motion-to-dismiss stage.

Additionally, Corteva included an Affidavit [Doc. 26-1] wherein Megan Fitzpatrick, on behalf of Corteva, swore that the relevant beneficiary-naming document is a business record kept pursuant to Corteva's normal course of business. Fed. R. Evid. 803(6). Therefore, the Court considers the document at the motion-to-dismiss stage.

the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels

and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery

will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

Corteva's Motion to Dismiss is simple: it argues that Plaintiff lacks standing under ERISA to bring any action based on Morton's Plan. ERISA grants standing for its civil enforcement actions to "participant[s] or beneficiar[ies]." 29 U.S.C. § 1132(a)(1)(B). A beneficiary is defined as a person that—*by the terms* of the ERISA plan—may become entitled to a benefit. 29 U.S.C. § 1002(8). While some courts allow ERISA standing for those who have "reasonable or colorable claims to benefits," those claims must still be rooted in the terms of the plan at issue. *See, e.g., Crawford v. Roane*, 53 F.3d 750, 754 (6th Cir. 1995) ("Plaintiffs' status as children of a participant in an ERISA plan does not provide them with standing as 'beneficiaries.'"); *Coleman v. Champion Int'l Corp./Champion Forest Prod.*, 992 F.2d 530, 536 (5th Cir. 1993) (holding that a plan-holder's son was not a beneficiary for purposes of standing because he was never named a beneficiary **by the terms of the plan**).

Here, Corteva argues that Plaintiff—on behalf of Morton's Estate—lacks ERISA standing because, based on the terms of the plan, the Estate is not a beneficiary. And, Corteva's position finds strong footing in *Kennedy v. Plan Administrator for DuPont Saving & Investment Plan*, 555 U.S. 285, 300 (2009). As the Court explained in *Kennedy*,

> ERISA requires "[e]very employee benefit plan [to] be established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1), "specify[ing] the basis on which payments are made to and from the plan," § 1102(b)(4). The plan administrator is obliged to act "in accordance with

5

> the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [Title I] and [Title IV] of [ERISA]," § 1104(a)(1)(D), and ERISA provides no exemption from this duty when it comes time to pay benefits.

555 U.S. at 300. The point of this rule is clear: "[B]y giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: 'simple administration, avoid[ing] double liability, and ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules.'" *Id.*

So, naturally, to avoid this result, Plaintiff resorts to strawman arguments. First, Plaintiff contends that "[o]nce the company restructured to a new company the 401k forms from Dupont did not control. The change to the entity from Dupont to Corteva limited the scope of the absolute argument that the beneficiary form controls." [Doc. 24, p. 5]. Continuing, Plaintiff argues "[a]t the time of the *Kennedy* decision, Corteva was not in existence." [*Id.* (citation altered)].

However, these arguments do not provide a legal reason that Morton's beneficiary-designation form did not pass with her plan from DuPont to Corteva. On the contrary, ERISA requires that transfer and mergers of covered plans be handled with one goal: to ensure that the plan's participants "receive a benefit . . . which is equal to or greater than the benefit he would have been entitled to receive immediately before the merger, consolidation, or transfer (if the plan had then terminated)." 29 U.S.C. §

6

1058. There is no requirement—at least that the Court can find—that ERISA requires a new beneficiary form each time a plan is transferred to a new administrator. Plaintiff does not contend that Morton ever attempted to change the beneficiaries she named—rather, Plaintiff argues that the plan transfers changed the beneficiary designations sua sponte. But, Plaintiff failed to point to *any law* to support that logic. Instead, it makes much more sense that once a plan participant completes a beneficiary-designation form, that form controls through plan transfers unless the participant specifically revokes that designation or changes the designation through the process required by the plan. That didn't happen here, and Plaintiff's arguments otherwise are unavailing.

## CONCLUSION

Plaintiff's Amended Complaint fails at the first step: Plaintiff (and Morton's Estate generally) lacks standing under ERISA. That is all the Court needs to decide. *Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1007 (11th Cir. 2018) ("[A] party who is not a named beneficiary of an ERISA plan may not sue the plan for any plan benefits."). Plaintiff has not overcome the validity of Morton's beneficiary-designation form which controls the Plan's beneficiaries. If Plaintiff intends to sue anyone, the options are limited to the "plan beneficiar[ies] for those benefits, but only after the plan beneficiar[ies have] received the benefits." *Id*. But, as for this action, the Court **GRANTS** Corteva's Motion to Dismiss [Doc. 17] and **DISMISSES** Plaintiff's Amended Complaint [Doc. 7]. The Clerk of Court is **DIRECTED** to **ENTER** Judgment

and **CLOSE** this case.

    **SO ORDERED**, this 21st day of May, 2025.

                                                  S/ Tilman E. Self, III
                                                  **TILMAN E. SELF, III, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**